# United States Court of Appeals
# for the Federal Circuit

————————————

IN RE INTEL CORPORATION AND
LENOVO (UNITED STATES) INC.,
*Petitioners*

————————————

On Petition for a Writ of Mandamus to the United States Patent and
Trademark Office, Patent Trial and Appeal Board in
*Inter Partes* Review No. IPR2025-00838

**USTA TECHNOLOGY, LLC'S RESPONSE TO
PETITION FOR WRIT OF MANDAMUS**

Derek Dahlgren
ddahlgren@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302)-449-9010
Fax: (302)-353-4251

*Counsel for Respondent
USTA Technology, LLC*

December 22, 2025

# CERTIFICATE OF INTEREST

Counsel for USTA Technology, LLC certifies the following:

1. The full name of every entity represented by us is:

USTA Technology, LLC

2. The name of the real party in interest for the entity. Do not list the real party if it is the same as the entity:

Not applicable.

3. All parent corporations and any other publicly held companies that own 10 percent or more of the stock of the party or amicus curia represented by us are listed below:

Not applicable.

4. The names of all law firms, and the partners or associates that have not entered an appearance in the appeal, and (a) appeared for the entity in the lower tribunal; or (b) are expected to appear for the entity in this court:

Andrew Sherman, Devlin Law Firm LLC

5. Other than the originating case number(s), any related or prior cases in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.

*USTA Technology, LLC v. Lenovo Group Limited*, 4-24-cv-00515 (EDTX)

*USTA Technology, LLC v. AT&T Mobility LLC*., 4-24-cv-00513 (EDTX)

*USTA Technology, LLC v. AsusTek Computer Inc.,* 4-24-cv-00512 (EDTX)

*USTA Technology, LLC v. T-Mobile USA, Inc.,* 4-25-cv-00820 (EDTX)

*USTA Technology, LLC v. Comcast Corporation et al*., 4-25-cv-00819 (EDTX)

*USTA Technology, LLC v. Charter Communications, Inc. et al.,* 4-25-cv-00818 (EDTX)

*AT&T Services, Inc. v. USTA Technology, LLC*, IPR2025-01166 (PTAB)

6. All information required by Fed. R. App. P. 26.1(b) and (c) in criminal cases and bankruptcy cases.

Not applicable.

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

STATEMENT OF JURISDICTION……………………………………………….3

BACKGROUND………………………………………………………………….. 3

ARGUMENT……………………………………………………………….…..… 7

   I.  Petitioners Have Not Shown Any Clear and Indisputable Right
to Relief……………………………………………………………….…..7

      A.  Petitioners Have No Right to Institution or Consideration of Only
Certain Factors in that Determination………..…………………….…7

      B.  Petitioners' Due Process, Anti-Retroactivity and APA Claims Lack
Merit Because The Office Did Not Apply a New Rationale for
Discretionary Denial...…………………………………………….…...9

      C.  The Expenses Associated with Filing IPR Petitions Do Not Create a
Constitutional Claim…………………..………………………………13

      D.  Petitioners' Claims that the Acting Director Exceeded Statutory
Authority Are Not Constitutional Claims…………..………………14

   II.  Petitioners Have Not Met the Other Requirements for Mandamus Relief….14

      A.  Petitioners Have Adequate, Alternative Means for Relief…………..….14

      B.  Extraordinary Mandamus Relief Is Not Appropriate Under the
Circumstances…………………………………………………………15

CONCLUSION AND RELIEF SOUGHT .............................................................17

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Apple Inc. v. Vidal*,
   63 F.4th 1 (Fed. Cir. 2023) ........................................................8, 12

*Biodelivery Scis. Int'l, Inc. v. Aquestive Therapeutics, Inc.*,
   935 F.3d 1362 (Fed. Cir. 2019) .......................................................10

*Cuozzo Speed Techs. v. Lee*,
   579 U.S. 261 (2016) .......................................................................2, 8

*CyWee Grp. Ltd.. v. ZTE (USA), Inc.*,
   90 F.4th 1358 (Fed. Cir. 2024) .........................................................14

*Dalton v. Specter*,
   511 U.S. 462,
   114 S. Ct. 1719,
   128 L. Ed. 2d 497 (1994)..................................................................14

*Fox Factory, Inc. v. SRAM, LLC*,
   IPR2017-01439 (PTAB Dec. 8, 2017). .............................................10

*Front Row Technologies, LLC v. MLB Advanced Media, L.P.,*
   IPR2015-01932 (PTAB Mar. 25, 2016) ...........................................10

*Harmonic Inc. v. Avid Tech., Inc.*,
   815 F.3d 1356 (Fed. Cir. 2016) ..........................................................9

*In re Cambridge Indus. USA Inc.*,
   No. 2026-101,
   2025 U.S. App. LEXIS 32053 (Fed. Cir. Dec. 9, 2025) ........... 1, 7, 15

*In re DBC*,
   545 F.3d 1373 (Fed. Cir. 2008) .........................................................14

*In re Dominion Dealer Sols., LLC*,
   749 F.3d 1379 (Fed. Cir. 2014).........................................................2

*In re Google LLC*,
   No. 2025-144,
   2025 WL 3096849 (Fed. Cir. Nov. 6, 2025) ............................ 2, 8, 13

*In re HighLevel, Inc.*,
    No. 25-148,
    2025 WL 3527144 (Fed. Cir. Dec. 9, 2025)....................................................2, 8

*In re Maxpower Semiconductor, Inc.*,
    13 F.4th 1348 (Fed. Cir. 2021) ...............................................................2

*In re Motorola Solutions, Inc.*,
    159 F.4th 30 (Fed. Cir. 2025) ..................................................... passim

*In re Power Integrations, Inc.*,
    899 F.3d 1316 (Fed. Cir. 2019) ...............................................................2

*In re Sandisk Techs., Inc.*,
    No. 2025-152,
    2025 WL 3526507 (Fed. Cir. Dec. 9, 2025)........................................2

*In re SAP America, Inc.*,
    No. 2025-132,
    2025 WL 3096788 (Fed. Cir. Nov. 6, 2025) ....................................2, 8

*Interstate Commerce Commission v. Brotherhood of Locomotive Engineers*,
    482 U.S. 270 (1987) ...........................................................................12

*Mylan Laboratories. Ltd. v. Janssen Pharmaceutica, N.V.*,
    989 F.3d 1375 (Fed. Cir. 2021) .................................................. 1, 2, 3, 7

*Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*,
    584 U.S. 325 (2018) ...........................................................................2, 9

*SAS Inst., Inv. v. Iancu*,
    584 U.S. 357 (2018) ...........................................................................2, 8

*Thryv, Inc. v. Click-To-Call Techs., LP*,
    590 U.S. 45 (2020) ..................................................................................1

*United States v. Carlton*,
    512 U.S. 26 (1994) ..............................................................................13

**Statutes**

28 U.S.C. § 1651(a). .............................................................................3

35 U.S.C. § 315(d) ...............................................................................10

35 U.S.C. § 325(d). ..............................................................10

35 U.S.C. § 316(b) ..............................................................10

**Other Authorities**

MATAL, JOSEPH, *A Guide to the Legislative History of the America Invents Act: Part II of II* (2012)  21 Fed. Cir. B.J. 539 (2012)...............................................11

**Regulations**

37 C.F.R. § 42.1(b) ..............................................................10

# INTRODUCTION

Petitioners are not entitled to the extraordinary remedy of mandamus. Petitioners must show they have (1) a clear and indisputable right to relief; (2) that no alternative means for relief exist; and (3) that the writ is appropriate under the circumstances. *In re Motorola Solutions, Inc.,* 159 F.4th 30, 36 (Fed. Cir. 2025). None of Petitioners' claims satisfy this demanding standard.

As this Court has noted, "it is difficult to imagine a mandamus petition that challenges a denial of institution and identifies a clear and indisputable right to relief." *Mylan Laboratories. Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382-83 (Fed. Cir. 2021); *Motorola,* 159 F.4th at 36. That is because Petitioners have "no constitutionally protected right for [their] petition to be considered based on certain criteria and certainly no constitutional right to an IPR." *In re Cambridge Indus. USA Inc.*, No. 2026-101, 2025 U.S. App. LEXIS 32053, at *5 (Fed. Cir. Dec. 9, 2025) (cleaned up). This is fatal to all of Petitioners' arguments.

At its core, the Petition is an improper attempt to circumvent 35 U.S.C. § 314(d). Congress committed institution decisions to the Director's discretion and insulated those decisions from judicial review, including by mandamus. *E.g.*, *Thryv, Inc. v. Click-To-Call Techs., LP*, 590 U.S. 45, 53 (2020) ("§314(d) bars review at least of matters closely tied to the application and interpretation of statutes related to the institution decision") (internal quotations omitted); *SAS Inst., Inv. v. Iancu,*

584 U.S. 357, 366 (2018); *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 584 U.S. 325, 343 n.5 (2018); *Cuozzo Speed Techs. v. Lee*, 579 U.S. 261, 273-75 (2016); *Motorola,* 159 F.4th at 36; *In re Power Integrations, Inc.*, 899 F.3d 1316, 1319 (Fed. Cir. 2019); *In re Dominion Dealer Sols., LLC*, 749 F.3d 1379, 1381 (Fed. Cir. 2014).

While exceptions exist for "colorable constitutional claims," *Mylan*, 989 F.3d at 1382-83, Petitioners present none and instead attempt to repackage statutory claims under the guise of constitutional violations. This Court has repeatedly rejected these types of arguments in *Motorola*, *Cambridge, Mylan* and numerous other cases. *E.g.*, *In re HighLevel, Inc.*, No. 25-148, 2025 WL 3527144 (Fed. Cir. Dec. 9, 2025); *In re Sandisk Techs., Inc*., No. 2025-152, 2025 WL 3526507 (Fed. Cir. Dec. 9, 2025); *In re Google LLC*, No. 2025-144, 2025 WL 3096849 (Fed. Cir. Nov. 6, 2025); *In re SAP America, Inc*., No. 2025-132, 2025 WL 3096788 (Fed. Cir. Nov. 6, 2025); *In re Maxpower Semiconductor, Inc.*, 13 F.4th 1348, 1352 (Fed. Cir. 2021); *Power*, 899 F.3d at 1318-20. The same result should apply here and is particularly appropriate as the Petition relies on multiple misstatements of the law and fact, and because of Petitioners' delay seeking mandamus relief.

For these reasons and the reasons discussed below, the Petition should be denied.

## STATEMENT OF JURISDICTION

This Court has jurisdiction under the All Writs Act "to consider [a] request for mandamus" relief. *Mylan, N.V.*, 989 F.3d at 1381; *see also* 28 U.S.C. § 1651(a).

## BACKGROUND

USTA filed a complaint against Lenovo on June 7, 2024, in *USTA Tech., LLC v. Lenovo Group Limited et al.*, No. 4:24-cv-00515-SDJ (E.D. Tex. June 7, 2024). USTA also filed a number of other lawsuits around that time and an additional three lawsuits in 2025 against other entities. USTA has worked with the various defendants to align the case schedules for efficiency reasons, including a recent alignment on November 13, 2025, at defendants' request, which aligned cases against AT&T, AsusTeK, Comcast, Charter Communications and T-Mobile. The case against Lenovo is also pending as the parties wait for a ruling on Lenovo's motion to dismiss.

On October 14, 2024, Unified Patents requested *ex parte* reexamination (EPR) of claims 53-56, 64-66, 70, 76, 81-84, and 87-94 of the asserted patent. The Office ordered reexamination on December 5, 2024. Petitioners are members of Unified Patents through at least their membership in the Linux Foundation.[1] The examiner

---

[1] ***See*** https://www.linuxfoundation.org/press/linux-foundation-and-cncf-expand-partnership-with-unified-patents-to-defend-open-source-software-from-non-practicing-entities (last accessed December 22, 2025); https://www.linuxfoundation.org/about/members/npe-deterrence (last accessed

issued an Office Action on March 31, 2025, rejecting all challenged claims based on three asserted references.

Petitioners filed a petition for IPR on April 29, 2025, challenging two claims of the asserted patent, claims 53 and 95. When USTA responded to the EPR Office Action on June 2, 2025, USTA included an Information Disclosure Statement (IDS) in which it submitted a complete copy of Petitioners' petition for IPR, including among other things both the IPR petition and accompanying expert declaration. USTA listed the IPR petition and its contents as non-patent literature in the IDS. The examiner issued a Notice of Intent to Issue Reexamination Certificate on July 15, 2025, finding USTA's arguments persuasive.

On July 29, 2025, USTA requested Petitioners' IPR petition be denied consistent with the procedures for discretionary denial briefing set forth in Acting Director Stewart's March 26, 2025, Memorandum titled "Interim Processes for PTAB Workload Management," (Appx15-17). (Appx111-157.) USTA argued that the Office should deny the petition for numerous reasons, citing *Fintiv*, *Advanced Bionics*, and 35 U.S.C. §§ 315(d), 325(d), among others. (*Id.*) On August 29, 2025,

December 22, 2025).; *see also* https://www.linuxfoundation.org/about/members (Intel listed as platinum member, Lenovo listed as silver member) (last accessed December 22, 2025).

Petitioners filed their opposition to USTA's discretionary denial brief. (Appx158-201.) USTA filed its Patent Owner's Preliminary Response on the same day.

The Acting Director denied Petitioners' IPR petition on September 19, 2025. (Appx1-3.) In that decision, the Acting Director also considered ***all*** of the evidence and arguments presented as part of the determination:

> After considering the parties' arguments and the record, and in view of all relevant considerations, discretionary denial of institution is appropriate in this proceeding. This determination is based on the totality of the evidence and arguments the parties have presented.

(Appx2.) In opposing USTA's request for discretionary denial, Petitioners noted that the examiner had lined through the patent references in USTA's IDS submission of the IPR petition. (Appx211.) At the same time, Petitioners did not contest that the IPR petition and accompanying expert declaration were both considered. The Acting Director noted the parties' briefing on this point, stating:

> In particular, challenged claim 53 was subject to an *ex parte* reexamination (Reexamination Control No. 90/019,702) at the time the Petition was filed. DD Opp. 3–5. During the reexamination proceeding, Patent Owner submitted the Petition and Walton on an Information Disclosure Statement (IDS). *Id.* at 5–7. Petitioner presents evidence demonstrating that the patent examiner did not consider Walton during the reexamination proceeding. *Id.* at 7–11. Petitioner, however, also presents evidence that Walton is material to the patentability of the challenged claim because Walton teaches the claimed feature the patent examiner identified as missing from the prior art during the reexamination. *Id.* Under these circumstances, the most efficient process for the Office is not to refer the Petition to the Board, but instead for Petitioner to file a reexamination request that includes Walton.

(Appx2.)  To be clear, the Acting Director did not make any findings as Petitioners assert, much less that Petitioners would have been successful under any other circumstances.  The Acting Director concluded, stating "Although certain arguments are highlighted above, the determination to exercise discretion to deny institution is based on a holistic assessment of all of the evidence and arguments presented." (Appx2-3.)

In addition to the above, the district court AT&T defendants filed a separate IPR petition on June 16, 2025, in IPR2025-01166, challenging claims 19, 22-33, 36-43, 45, 46, 49-58, 60-75, 77-93, and 95 of the asserted patent.  AT&T relied on a different, later Walton patent application in that petition and other overlapping references.  The Director discretionarily denied AT&T's petition on October 31, 2025.

Petitioners filed a petition for writ of mandamus on November 24, 2025, more than two months after the Acting Director denied their IPR petition.  Petitioners never sought rehearing at the Office under 37 CFR § 42.71(d).  Unified Patents, which Petitioners are members of through at least the Linux Foundation, filed an amicus brief in support of Petitioners a few days later.

# ARGUMENT

## I. Petitioners Have Not Shown Any Clear and Indisputable Right to Relief

### A. Petitioners Have No Right to Institution or Consideration of Only Certain Factors in that Determination

Petitioners have no right to have any IPR instituted, much less a clear and indisputable right warranting mandamus relief. *Mylan,* 989 F.3d at 1382 ("[N]o petitioner has a right to such institution."). Nor is there a right to have the Office evaluate the petition based on only certain criteria as they request. *Id.* at 1383; *Motorola*, 159 F.4th at 36; *compare, e.g.*, Pet. at 2 (requesting the Court vacate the Office's decision and to direct it to reconsider institution "solely under statutory criteria" and "without the rationale it applied here"), at 32 ("This Court's mandamus review is needed here, where the petition raises questions regarding the USPTO's authority to create institution criteria . . . .").

This Court has repeatedly rejected this argument, including recently in *In re Cambridge Industries USA, Inc.*, where it stated:

> Like Motorola, Cambridge identifies no constitutionally protected right for its petition to be considered based on certain criteria and certainly no constitutional right to an IPR. Cambridge's expectation that the PTO would evaluate its petition based on only certain criteria, moreover, is insufficient to establish a constitutional due process violation.

2025 U.S. App. LEXIS 32053, at *5-6 (cleaned up).

Petitioners also ask the Court to vacate the Acting Director's decision and instruct the Director to reconsider their petition using only certain factors. (Pet. at

2.) But again in *Cambridge*, this Court concluded that the challenge to the Director's discretionary determination and which factors may be considered was not reviewable:

> At bottom, Cambridge's arguments are about what factors the Director may consider when deciding whether to institute IPR. Unlike Cambridge's assertions regarding the failure to employ notice and comment rulemaking, these contentions appear to "focus directly and expressly on institution standards," and turn on "the application and interpretation of statutes related to the Patent Office's decision to initiate inter partes review," which are not generally reviewable.

*Id.,* at \*7 (quoting *Apple*, 63 F.4th at 12). This is not mandamus-worthy. *HighLevel, Inc.* No. 25-148, 2025 WL 3527144, at \*3; *SAP*, No. 2025-132, 2025 U.S. App. LEXIS 29077, at \*5 ("mandamus is ordinarily unavailable for review of institution decisions—including decisions based on the standard for evaluating whether to institute in view of parallel civil litigation"); *Google*, No. 2025-144, 2025 U.S. App. LEXIS 29078, at \*4-6 ("That conclusion—as to the weight of the various factors under the Director's discretion—does not raise any colorable constitutional challenge and is otherwise unreviewable.").

Indeed, it is well-established that "the agency's decision to deny a petition is a matter committed to the Patent Office's discretion." *Cuozzo Speed Techs. v. Lee*, 579 U.S. 261, 273-74 (2016); *see also SAS Inst., Inv. v. Iancu*, 584 U.S. 357, 366 (2018)("§314(a) invests the Director with discretion on the question *whether* to institute review . . . ."); *Oil States Energy Servs., LLC v.*

*Greene's Energy Grp., LLC*, 584 U.S. 325, 343 n.5 (2018) ("[T]he decision to institute review is made by the Director and committed to his unreviewable discretion."); *Harmonic Inc. v. Avid Tech., Inc.*, 815 F.3d 1356, 1367 (Fed. Cir. 2016) ("[T]he PTO is permitted, but never compelled, to institute an IPR proceeding."). This precludes review of Petitioners' claims by mandamus as well as on direct appeal.

### B. Petitioners' Due Process, Anti-Retroactivity and APA Claims Lack Merit Because The Office Did Not Apply a New Rationale for Discretionary Denial

Central to Petitioners' arguments, they repeatedly represent that the Director applied "new" criteria or "novel rationale" in denying their IPR petition based on the availability of *ex parte* reexamination (EPR) that allegedly did not exist at the time the petition was filed. (Pet. at 3- 5, 10-11, 14- 15, 17-19.) No so. Contrary to their representations, the Director did ***not*** deny institution based "solely" on the availability of *ex parte* reexamination. (Pet. at 4.) Rather, the Director relied on ***efficiency*** considerations, stating under these circumstances "the most ***efficient*** process for the Office is not to refer the Petition to the Board, but instead for Petitioner to file a reexamination request that includes Walton." (Appx2.) Efficiency was a major aspect of the March 26, 2025, Interim Processes for PTAB Workload Management Memorandum that issued more than a month ***before*** Petitioners sought IPR. (Appx15-17.) Further, Petitioners concede that efficiency

considerations underpin the post-grant scheme of the AIA. (Pet. at 6, 9-11.) *See also* 37 C.F.R. § 42.1(b); 35 U.S.C. §§ 315(d), 316(b), 325(d).

Recognition of these efficiency considerations has been well-established for years. In fact, over six years ago, this Court expressly recognized efficiency as a legitimate consideration in *Biodelivery Scis. Int'l, Inc. v. Aquestive Therapeutics, Inc.*, 935 F.3d 1362, 1367 (Fed. Cir. 2019) (discussing 37 C.F.R. § 42.1(b)). The Court concluded that this was consistent with "the Director's statutory charge to consider the efficiency of the Patent Office in conducting IPR proceedings" and "the Director's own regulations promulgated pursuant to that statutory charge." *Biodelivery*, 935 F.3d at 1367.

Consideration of EPR as part of this overall assessment is not new either. The Office has denied IPR petitions in the past based on pending reexaminations. For example, in *Fox Factory, Inc. v. SRAM, LLC*, the Office denied an IPR petition where some of the art was presented in a co-pending reexamination, concluding that it would be an inefficient use of the Office's resources. *Fox Factory, Inc. v. SRAM, LLC*, IPR2017-01439, Paper 7 at 8 (PTAB Dec. 8, 2017). As Petitioners acknowledge, this consideration is supported by statute, 35 U.S.C. §§ 315(d), 325(d). (Pet. at 10-11.) *See also Front Row Technologies, LLC v. MLB Advanced Media, L.P.*, IPR2015-01932, Paper 7 at 11-15 (PTAB Mar. 25, 2016) (denying IPR because not "an efficient use of Board's resources").

Indeed, even the legislative history of the AIA demonstrates that Congress was aware that both requests for reexamination or IPR petitions may be discretionarily denied on the basis that the same or substantially the same prior art or arguments were presented to the Office, and that the Director can deny otherwise meritorious petitions based on considerations such as Office workload. MATAL, JOSEPH, *A Guide to the Legislative History of the America Invents Act: Part II of II* (2012) 21 Fed. Cir. B.J. 539 (2012), at 609-610.

The Office has also provided notice on multiple occasions. *E.g.*, Notice Regarding Options for Amendments by Patent Owner Through Reissue or Reexamination During a Pending AIA Trial Proceeding, 84 Fed. Reg. 16,654, 16,657 (Apr. 22, 2019) (The Office has advised that "[t]he Board . . . may deny institution under 35 U.S.C. [§] 325(d) of a requested AIA trial proceeding if a parallel Office proceeding, for example, is in a more advanced stage and involves overlapping issues with the proposed AIA trial proceeding."); PTO Amendments to the Rules of Practice for Trials Before the PTAB, 81 Fed. Reg. 18750, 18759 (Mar. 31, 2016) (stating "the Office noted in the Notice of Proposed Rulemaking that the current rules provide sufficient flexibility to address the unique factual scenarios presented to handle efficiently and fairly related proceedings before the Office on a case-by-case basis . . . "); Request for Comments on Amendments to the Rules of Practice for Trials Before the Patent Trial and Appeal Board, 80 Fed. Reg. 50720,

50731-50735 (Aug. 20, 2015). Thus, contrary to Petitioners' assertions, the Acting Director did not apply any new rationale or criteria in denying the IPR petition.

This dooms Petitioners' claims. Tellingly, the Office ***rescinded*** the interim 2022 guidance to ***restore prior guidance*** on discretionary denials while the Office emphasized throughout that discretionary determinations should take into account ***all*** relevant considerations. (Appx16-17.) In response, both USTA and Petitioners submitted briefs addressing numerous different considerations with respect to discretionary denial. (Appx111-157 (USTA's Discretionary Denial Brief); Appx158-201 (Petitioners' Discretionary Denial Brief.).) Petitioners' suggestions that the Acting Director's focus was limited to new criteria related to the availability of EPR are misplaced.

Further, regardless, as this Court held in *Apple*, "[n]othing in the unreviewability principle repeatedly affirmed by the Supreme Court . . . turns on whether the Director has provided an explanation . . . ." *Apple Inc. v. Vidal*, 63 F.4th 1, 13 (Fed. Cir. 2023). "That is hardly surprising, as the Supreme Court has rejected the notion that 'if the agency gives a reviewable reason for otherwise unreviewable action, the action becomes reviewable.'" *Id.* (quoting *Interstate Commerce Commission v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 283 (1987)).

## C. The Expenses Associated with Filing IPR Petitions Do Not Create a Constitutional Claim

Petitioners assert that unlike the claims in *Motorola*, they expended substantial resources preparing the Petition and in filing fees, and that this supports their constitutional claims.  (Pet. at 3, 19-20.)  But Petitioners are again mistaken. *Motorola* specifically addressed alleged reliance interests and petition-related expenses and found that was insufficient to support a colorable constitutional claim. *Motorola,* 159 F.4th at 37-38 ("Even if Motorola relied on the Vidal Memorandum when it undertook the expense of filing the petitions, Pet. at 2, 35, that 'reliance alone is insufficient to establish a constitutional violation.'") (quoting *United States v. Carlton*, 512 U.S. 26, 33 (1994)).  Relying on *Motorola*, this argument was also rejected in *In re Google LLC*, where the Court stated "[in *Motorola*] [w]e explained that the interim guidance did not create a constitutionally-protected property interest and that reliance on that guidance when undertaking the expense of filing petitions was insufficient to establish a constitutional violation." 2025 U.S. App. LEXIS 29078, at *5.

Moreover, Petitioners do not deny that they were fully aware institution was not guaranteed, nor do they deny that they received a decision on institution for which the fees were provided.  Petitioners thus have no basis for arguing the portion of non-refundable filing fees expended created any constitutionally protected interest to support their claims.  Additionally, Petitioners did not present this

argument to the Office previously, and it can be considered waived. *E.g.*, *CyWee Grp. Ltd.. v. ZTE (USA), Inc*., 90 F.4th 1358, 1365 (Fed. Cir. 2024); *In re DBC*, 545 F.3d 1373, 1378 (Fed. Cir. 2008).

### D. Petitioners' Claims that the Acting Director Exceeded Statutory Authority Are Not Constitutional Claims

Petitioners' arguments that the Acting Director exceeded her statutory authority, (Pet. at 14), do not turn statutory claims into constitutional claims that may be reviewed through writ of mandamus. *Cambridge*., 2025 U.S. App. LEXIS 32053, at *6 ("[T]he Supreme Court has noted that 'claims simply alleging that the President has exceeded his statutory authority are not "constitutional" claims,' and we agree with the PTO that this challenge presents no colorable constitutional claim.") (quoting *Dalton v. Specter*, 511 U.S. 462, 473-74, 114 S. Ct. 1719, 128 L. Ed. 2d 497 (1994)). Petitioners' arguments fail for this additional reason.

## II. Petitioners Have Not Met the Other Requirements for Mandamus Relief

### A. Petitioners Have Adequate, Alternative Means for Relief

To the extent Petitioners contend the Office did not satisfy its obligations under the Administrate Procedures Act, they have an adequate alternative means for relief in district court. As this Court noted in *Cambridge*:

> Cambridge's remaining arguments raising statutory and APA-based challenges also do not demonstrate entitlement to mandamus relief. Cambridge's contention that the PTO was required to promulgate relevant considerations for institution through notice-and-comment rulemaking procedures can be raised in an APA action in federal district

court; thus, it has failed to demonstrate lack of available alternatives for relief.

*Cambridge.*, 2025 U.S. App. LEXIS 32053, at *6.

Further, to the extent Petitioners are asserting that they have no other avenue for challenging the asserted patent, they are able to raise invalidity defenses in district court. *Motorola*, 159 F.4th at 37 (IPR institution denial does not affect petitioner's ability to raise patentability issues elsewhere). Just because Petitioners prefer one particular means for pursuing relief does not make others inadequate.

## B. Extraordinary Mandamus Relief Is Not Appropriate Under the Circumstances

Mandamus relief is not appropriate here even assuming Petitioners had a legitimate claim.

First, Petitioners' numerous mischaracterizations of law and fact reinforce that this is not an appropriate case for granting mandamus relief. For example, it is not disputed that the examiner in the EPR considered both the IPR petition and accompanying expert declaration. (Appx211.) Thus, Petitioners' assertion that "[t]he Decision admits that the IPR petition's key contentions were *not* previously considered in EPR," (Pet. at 22), is wrong. Likewise, Petitioners' arguments that the Acting Director made factual findings regarding materiality, (Pet. at 22-24), are wrong. The Office merely acknowledged Petitioners' representations. (Appx2.) The Office certainly did ***not*** "agree[] with Petitioners that the precedential conditions

for denying institution were not met," as Petitioners contend. (Pet. at 24 (emphasis omitted).) That is a misrepresentation of the record. Similarly, Petitioners' assertions that they "had no way to anticipate that their petition would be denied simply because EPR continues to exist," (Pet. at 18), do not withstand scrutiny given the notices from the Office, prior Board decisions denying petitions cited above, the legislative history of the AIA, and the statutory language that Petitioners' acknowledge. This demonstrates that the rare circumstances warranting mandamus relief are not present here.

Second, good reasons existed for the Acting Director to deny the IPR petition, including that the asserted patent expires in late 2026 and that Petitioners challenged only two claims out of many that will be asserted, and indeed are asserted in concurrent litigations. These are reasons alone for the Director to determine an IPR would be an inefficient use of Office resources. Under the circumstances, and given Petitioners' failure to seek reconsideration, or otherwise raise all of their arguments before the Office, coupled with the more than two-month delay in filing this petition, the grant of extraordinary mandamus relief is inappropriate.

Third, denial is appropriate given the apparent relationship between Petitioners and Unified Patents, the entity that comprises Petitioners' supporting amici (Dkt. 15) and that is the initiator of the EPR challenging the asserted patent. While the amicus brief notes Intel's membership in a few of the amici, it is silent as

to Petitioners' relationships with Unified Patents.  (Dkt. 15 at 8-9 n.1.)  But Intel, as a platinum member of the Linux Foundation, receives special privileges with respect to Unified Patents, including private consultations on "NPE risk mitigation strategies" and sponsored prior art searches.[2]  USTA submits that this supports denying Petitioners' requested relief.  This connection between Unified Patents and Petitioners reinforces that the present petition does not establish the rare circumstances warranting mandamus relief.

## CONCLUSION AND RELIEF SOUGHT

For at least the foregoing reasons, the Court should deny Petitioners' Petition.

---

[2] *See* https://www.linuxfoundation.org/about/members/npe-deterrence (last accessed December 22, 2025).

December 22, 2025

Respectfully submitted,

DEVLIN LAW FIRM LLC

*/s/ Derek Dahlgren*
Derek Dahlgren
ddahlgren@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010
Fax: (302) 353-4251

*Counsel for Respondent*
*USTA Technology, LLC*

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 21(d)(1) because this brief contains 3,770 words, exclusive of the items exempted by Fed. R. App. P. 21(a)(2)(C) and Fed. Cir. R. 32(b)(2).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: December 22, 2025         */s/Derek Dahlgren*
                                   Derek Dahlgren